UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Ella Mae White,

          Plaintiff,        Case No. 14-cv-12870
                                      Hon. Judith E. Levy
v.                                          Mag. Judge Michael J. Hluchaniuk

Carolyn W. Colvin, Acting
Commissioner of the Social
Security Administration,

          Defendant.

_____/

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [16], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [12], AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [13]**

Plaintiff Ella Mae White brings this action pursuant to 42 U.S.C. § 405(g), challenging the Commissioner of Social Security's denial of her application for disability insurance benefits under the Social Security Act. Cross motions for summary judgment were filed (Dkts. 12, 13), and this case was referred to Magistrate Judge Michael J. Hluchaniuk for issuance of a Report and Recommendation. Magistrate Judge Hluchaniuk recommended that the Court deny plaintiff's motion for

summary judgment, grant defendant's motion for summary judgment, and affirm the Commissioner's final decision denying plaintiff disability benefits. Plaintiff filed timely objections to the Magistrate Judge's Report and Recommendation. (Dkt. 17). Defendant timely filed a response to plaintiff's objections. (Dkt. 18.)

For the reasons set forth below, plaintiff's objections to the Report and Recommendation are denied. The Court adopts the Report and Recommendation, denies plaintiff's motion for summary judgment, grants defendant's motion for summary judgment, and affirms the Commissioner's final decision.

## I. Standard of Review

An applicant who is not satisfied with the Commissioner's final decision may obtain review in federal district court. 42 U.S.C. § 405(g). The district court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005) (internal quotation marks omitted). The Court may affirm, modify, or reverse the Commissioner's decision, and may

also choose to remand the case for rehearing where appropriate. 42 U.S.C. § 405(g).

The Commissioner's findings of fact are given substantial deference on review and are conclusive if supported by substantial evidence. *Barker v. Shalala*, 40 F.3d 789, 795 (6th Cir. 1994); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). If there is substantial evidence to support the Commissioner's decision, the district court must affirm it even if substantial evidence also supports a contrary conclusion. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Wright v. Massanari*, 321 F.3d 611, 614 (6th Cir. 2003); *see also Cutlip v. Sec'y of Health and Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (explaining that if the decision is supported by substantial evidence, "it must be affirmed even if the reviewing court would decide the matter differently . . . and even if substantial evidence also supports the opposite conclusion.").

When deciding whether there is substantial evidence to support the Commissioner's factual findings, the district court is limited to an

examination of the record and should consider the record as a whole. *Bass*, 499 F.3d at 512-13; *Wyatt v. Sec'y of Health and Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). However, neither the Commissioner nor the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 F. App'x 496, 508 (6th Cir. 2006).

In cases where a magistrate judge has submitted a Report and Recommendation and a party has filed timely objections, the district court conducts a *de novo* review of those parts of the Report and Recommendation to which the party objects. 28 U.S.C. § 636(b)(1)(C).

## II. Analysis

The Court adopts the factual background set forth in the Report and Recommendation.

Plaintiff raises two objections to the Magistrate Judge's Report and Recommendation: (1) the Magistrate Judge and the Administrative Law Judge ("ALJ") erred when they did not adequately address plaintiff's credibility; and (2) the Magistrate Judge erred in finding that the ALJ's decision was supported by substantial evidence. (Dkt. 17.)

Defendant responds by arguing that (1) plaintiff's challenge to the ALJ's credibility finding was improperly raised for the first time in her objection to the Report and Recommendation; (2) the ALJ properly evaluated plaintiff's credibility, regardless; (3) plaintiff, in stating that the ALJ's decision was not supported by substantial evidence, fails to identify which evidence the ALJ or Magistrate Judge did not evaluate; and (4) the ALJ addressed and evaluated every condition that plaintiff contends the ALJ failed to address. (Dkt. 18.)

Plaintiff's first objection, that the Magistrate Judge and ALJ failed to adequately address her credibility, is waived. "A claim raised for the first time in objections to a magistrate judge's report is deemed waived." *Swain v. Comm'r of Soc. Sec.*, 379 F. App'x 512, 517-18 (6th Cir. 2010) (further citation omitted). Nowhere in plaintiff's motion for summary judgment did she raise any issue related to the assessment of her credibility. (*See generally* Dkt. 12.) Further, plaintiff has provided virtually no argument as to *how* either the ALJ or Magistrate Judge erred in assessing her credibility, and instead relies on cursory references to her own testimony and a handful of references to cases and regulations that do not relate to assessments of credibility.

Plaintiff's second objection is that the Magistrate Judge erred in finding that the ALJ's decision was supported by substantial evidence. Again, plaintiff does not indicate what evidence, specifically, the ALJ "misconstrued" or "overlooked." (Dkt. 17 at 4.) Instead, plaintiff argues generally that evidence exists somewhere in the record that would support her claim of disability.

To the extent that plaintiff makes a specific objection, it is that "the ALJ did not obtain any consultative examinations or opinions from a medical expert" regarding her alleged psychological impairments and, as a result, "the ALJ drafted an RFC that was inconsistent with the restrictions given by Plaintiff's treating physician." (Dkt. 17 at 5-6.)

First, as defendant points out, "[a]n ALJ has discretion to determine whether further evidence, such as additional testimony, is necessary." *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001) (citing 20 C.F.R. § 404.1517.) During the proceedings in front of the ALJ, plaintiff provided no medical evidence that she actually suffered from any of her alleged psychological impairments. It is the plaintiff's burden to show that a severe impairment exists for the purposes of determining disability. *Bowen v. Yuckert,* 482 U.S. 137, 146 (1987). Here, plaintiff

6

did not meet that burden, because she not only alleged no psychological disability in the record, but, as the Magistrate Judge noted, her medical records "evidence a stated *lack* of any unusual depression or anxiety." (Dkt. 16 at 26.) An ALJ does not abuse his or her discretion by declining to seek additional testimony or evaluations from a medical expert as to a claimed impairment when the record not only fails to indicate that the impairment exists, but, in fact, shows that the plaintiff was repeatedly evaluated for and found to lack the claimed impairment.

Second, plaintiff's contention that the ALJ drafted an RFC that was inconsistent with the restrictions given by plaintiff's treating physician is insufficiently specific to permit the Court to conduct a review under 28 U.S.C. § 636(b)(1)(C). The fact that an ALJ's RFC is inconsistent with the restrictions given by a treating physician is not itself an error, and does not merit remand. Plaintiff provides no further argument as to how the ALJ erred by coming to a different conclusion from her treating physician. Accordingly, she has not indicated which "portions of the report or specified proposed findings or recommendations" she is objecting to, other than the general

7

conclusions set forth on pages 26 and 28 of the Report and Recommendation, or what the basis for her objections is.

On *de novo* review of the portions of the Report and Recommendation to which plaintiff has raised objections, it is hereby ordered that:

Magistrate Judge Hluchaniuk's Report and Recommendation (Dkt. 16) is ADOPTED;

Plaintiff's motion for summary judgment (Dkt. 12) is DENIED; and

Defendant's motion for summary judgment (Dkt. 13) is GRANTED.

IT IS SO ORDERED.

Dated: September 3, 2015        s/Judith E. Levy
Ann Arbor, Michigan          JUDITH E. LEVY
                                       United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 3, 2015.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
